IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAMALLE MEADOWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-20-530-D |
| THE CITY OF THE VILLAGE, OKLAHOMA, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Before the Court is Defendants' Objection and Motion to Quash Subpoena [Doc. No. 27]. The Motion reflects an effort by Defendants to prevent Plaintiff, who appears *pro se*, from proceeding with discovery in violation of several provisions of the Federal Rules of Civil Procedure. Plaintiff has made no timely response, and the Court in the exercise of its discretion under LCvR7.1(g) deems the Motion confessed. For this reason, and reasons fully stated in the Motion, the Court finds that it should be granted.

First, Plaintiff is attempting to conduct discovery prematurely. Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The case was recently set for an initial scheduling conference under Rule 16(b). *See* Docket [Doc. No. 28]. No discovery conference has been held, and no discovery plan has been submitted. *See* Fed. R. Civ. P. 26(f)(1), (3). Thus, Plaintiff is barred from conducting any discovery at this point in the case.

Second, Plaintiff has improperly issued a subpoena duces tecum to a party, Defendant City of the Village. As a person commanded to produce electronically stored information or a tangible thing (a video recording), the City has a right to object under Rule 45(d)(2)(b), and to move to quash the subpoena under Rule 45(d)(3). Setting aside the fact that the subpoena is directed to a party, it fails to comply with multiple provisions of Rule 45. It is not in proper form, was not properly served, and did not allow a reasonable time to comply. *See* Fed. R. Civ. P. 45(a)(1)(A)(iv), (b)(1), (b)(4), (d)(2)(B). A party who receives a request to produce electronically stored information or an object has 30 days to respond. *See* Fed. R. Civ. P. 34(b)(2).

Finally, Defendants report that during an informal discovery conference pursuant to LCvR37.1, Plaintiff stated that he had already obtained the video recording that is the subject of the subpoena, but he apparently has declined defense counsel's request to withdraw the subpoena. *See* Defs.' Motion at 3. These facts raise a question of possible sanctions under Rule 45(d)(1) for failing to comply with an obligation of a party issuing a subpoena to avoid imposing an undue burden or expense on the person subject to it. However, Defendants do not request any sanction. Under the circumstances, the Court will simply caution Plaintiff that a *pro se* litigant must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted). Plaintiff should make every effort to educate himself about the Federal Rules of Civil Procedure and the Local Civil Rules, and to comply with them in the future.

T IS THEREFORE ORDERED that Defendants' Motion to Quash Subpoena [Doc. No. 27] is GRANTED.  The Subpoena [Doc. No. 23] is QUASHED, and Defendant City of the Village has no further obligation to respond to it.

IT IS SO ORDERED this 14th day of October, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge