IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAMALLE MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-530-D |
| | ) | |
| THE CITY OF THE VILLAGE, OKLAHOMA, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendants' Motion to Strike Plaintiff's Joint Status Report [Doc. No. 32], based on alleged violations of Fed. R. Civ. P. 11 and LCvR16.1. Specifically, Defendants assert that Plaintiff, who appears *pro se*, filed a false Joint Status Report and Discovery Plan for the initial scheduling conference that was to be held on October 30, 2020. *See* Docket [Doc. No. 28]. Defendants present evidence to show that the document filed by Plaintiff was not jointly prepared and signed, as required by LCvR16.1(a)(2), but that Plaintiff's filing instead contains stipulations to which Defendants had not agreed, omits statements of Defendants' position and contentions, and contains a false electronic signature of Defendants' attorney under the ECF Policies & Procedures Manual § II.C.2 in that Plaintiff purported to sign the attorney's name with his permission when the attorney had not approved the filing. For relief, Defendants ask that the Court strike the false Joint Status Report and Discovery Plan [Doc. No. 31] from the case record and impose an appropriate sanction, either an order dismissing the case or

requiring Plaintiff to pay Defendants' reasonable costs and attorney fees incurred in making the Motion. *See* Defs.' Mot. at 5.

Plaintiff has timely responded [Doc. No. 34] in opposition to the Motion. Plaintiff does not deny that he altered the initial draft of a Joint Status Report and Discovery Plan that Defendants' attorney had prepared for him, that he drafted portions of the document in a way that falsely presented his contentions as undisputed and falsely stated stipulations of facts to which Defendants had not agreed, and that he falsely attached an electronic signature of Defendants' attorney without the attorney's permission. Plaintiff instead makes a disingenuous argument that he understood an email message from Defendants' attorney to say that Plaintiff could write whatever he wanted in the Joint Status Report and Discovery Plan, and that he believed Defendants had approved whatever he chose to file. *See* Pl.'s Resp. Br. at 2-3, 6. Plaintiff also resists the imposition of sanctions under Rule 11 with arguments that his factual contentions in the case are supported by evidence and his legal contentions are supported by existing law.

In reply, Defendants point out that Plaintiff misrepresents the content of counsel's email and ignores express statements in the email that counsel would need to approve any joint language in the report before it was filed. *See* Defs.' Reply Br. [Doc. No. 35] at 3.[1] Defendants assert that Plaintiff's filing violated Rule 11(b)(1) because it was presented for

---

[1] Defendants also add a new argument that Plaintiff's Response itself violates Rule 11 because it contains a false representation that Defendants approved the false Joint Status Report and Discovery Plan. *Id*. at 4. As discussed below, this argument is not procedurally proper under Rule 11 and, thus, is not considered.

an improper purpose and needlessly increased Defendants' costs in defending the litigation to the extent they were forced to file the Motion. *See id*. at 4; *see also* Defs.' Mot. at 5.

Upon consideration, the Court finds that the Motion should be granted in part and denied in part. First, there is no question the Joint Status Report and Discovery Plan filed by Plaintiff does not comply with LCvR16.1(a)(2) in that it was not jointly prepared and signed by all parties. Therefore, it will be stricken from the case record. When the case is reset for a Rule 16(b) scheduling conference, the parties will be directed to prepare, sign jointly, and file a new Joint Status Report and Discovery Plan in the proper form.

Second, the Court is deeply concerned by Plaintiff's conduct and his apparent lack of concern for his responsibilities as a litigant. Regardless of his *pro se* status, Plaintiff must recognize that signing and filing a paper carries an implied certification under Rule 11. His Joint Status Report and Discovery Plan contained false factual contentions that certain matters were undisputed, that certain stipulations had been reached, and that it had been approved by Defendants' counsel. Nevertheless, Rule 11 sanctions cannot be imposed because Defendants did not comply with the "safe harbor" provision of Rule 11(c). *See Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (movant for Rule 11 sanction must satisfy requirements of subsection (c)(1)(A), now (c)(2)).[2] Here, Defendants

---

[2] Rule 11(c)(2) provides in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

did not make a separate motion for sanctions but combined it with a motion to strike, and did not serve the motion on Plaintiff before filing so that he had opportunity to withdraw or otherwise correct the challenged paper. Therefore, this part of Defendants' Motion must be denied. The Court again cautions Plaintiff, however, "to educate himself about the Federal Rules of Civil Procedure and the Local Civil Rules, and to comply with them in the future." *See* 10/14/20 Order [Doc. No. 30] at 3. Any future, similar conduct will not be tolerated by the Court.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's Joint Status Report [Doc. No. 32] is GRANTED in part and DENIED in part, as set forth herein. The Joint Status Report and Discovery Plan [Doc. No. 31] is STRICKEN from the case record, but no sanction for its filing is imposed.

IT IS SO ORDERED this 8th day of December, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge