IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAMELLE MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-20-530-C |
| | ) | |
| THE CITY OF THE VILLAGE, | ) | |
| OKLAHOMA; LT. RYAN JACOBSON, | ) | |
| in his individual capacity as City of the | ) | |
| Village Police Officer; and CPL. MARK | ) | |
| SWARTZBAUGH, in his individual | ) | |
| Capacity as City of the Village Police | ) | |
| Officer, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff, appearing pro se, filed the present action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and raising state law-based claims. Plaintiff's claims arise from his interaction with Defendants Jacobson and Swartzbaugh on January 23, 2020. Plaintiff alleges that on that date he was attempting to park his vehicle at his wife's place of employment when he encountered Defendants Jacobson and Swartzbaugh. Plaintiff alleges the officers illegally detained him and subjected him to false arrest. Plaintiff's state law-based claims arise from the same encounter. Plaintiff's action against Defendant City of the Village is based on its alleged failure to train and/or supervise Defendants Jacobson and Swartzbaugh. Defendants now seek summary judgment, arguing

there was no violation of Plaintiff's federal or state constitutional rights, nor can Plaintiff prevail on his state law-based claim.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable

2

inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

The following facts are undisputed or viewed in the light most favorable to Plaintiff as is required at this stage of the proceedings: On January 23, 2020, Defendants Jacobson and Swartzbaugh ("Officers") were in the area of 10400 Vineyard Boulevard in the City of the Village. As the Defendant Officers were finishing their call, they heard a loud grinding noise from a nearby parking lot. Looking in the direction of the noise, Defendant Jacobson and another officer saw a black pickup backing into a parking space. From the vantage point of Officer Jacobson, it appeared the pickup was very close to a parked car. Defendant Jacobson and the other officer walked over to see if there was property damage and to see if they could render assistance. When they arrived, the officers encountered Plaintiff who was the driver of the pickup. Plaintiff denied striking the other car and pulled forward to finish parking his vehicle. Fearing that Plaintiff was attempting to flee the scene, Defendant Jacobson radioed Defendant Swartzbaugh to park his vehicle in front of Plaintiff's pickup. Plaintiff then exited his pickup and placed his hands in his front pockets. Defendant Jacobson asked Plaintiff to remove his hands from his pockets and turn and face his pickup so he could be searched for weapons. Plaintiff removed his hands but refused to be patted down. Defendant Jacobson again instructed Plaintiff to face his pickup and briefly touched Plaintiff's right elbow. Plaintiff jerked his arm away and instructed Defendant Jacobson not to touch him. Defendant Jacobson then asked the other officer to

3

check the vehicles for damage.  After the vehicles were inspected and no damage was found, the Defendant Officers left the scene.  The entire encounter with Plaintiff lasted approximately two minutes and fifteen seconds.  Plaintiff was never arrested, handcuffed, taken to the ground or touched other than briefly as described above.  The Defendant Officers never drew their weapons or made any threat of violence towards Plaintiff.

A. Fourth and Fourteenth Amendment

Plaintiff argues Defendant Officers violated his Fourth and Fourteenth Amendment rights when they conducted an unlawful investigatory detention and/or falsely arrested him.

**1.  Unlawful Investigatory Detention**

The unlawful investigatory detention claim hinges on whether Defendant Officers' interactions with Plaintiff were proper under Terry v. Ohio, 392 U.S. 1 (1968), and its progeny.  Under Terry, an officer can briefly detain a person if the officer has a reasonable suspicion.  Cortez v. McCauley, 478 F.3d 1108, 1115 (10th Cir. 2007).  In determining whether a reasonable suspicion exists, the Court must "ask, instead, whether 'the facts available' to the detaining officer, at the time, warranted an officer of 'reasonable caution' in believing 'the action taken was appropriate.'"  United States v. Winder, 557 F.3d 1129, 1134 (10th Cir. 2009) (quoting Terry, 392 U.S. at 21-22).  Applying this test, the Court examines the facts available to Defendant Officers – 1) they heard a loud grinding noise and 2) saw a vehicle appear to be very close to a parked car.  Plaintiff argues that there was no evidence of any criminal activity and/or that all the conduct observed by the officers could have had an innocent meaning.  However, under Terry "an officer with reasonable

4

suspicion need not 'rule out the possibility of innocent conduct' as long as the totality of the circumstances suffices to form 'a particularized and objective basis' for a traffic stop." United States v. Vercher, 358 F.3d 1257, 1261 (10th Cir. 2004) (quoting United States v. Arvizu, 534 U.S. 266, 277-78 (2002)).  Examining the facts known to Defendant Officers, the Court finds a reasonable officer would believe additional investigation would be necessary.  Additionally, the Court finds Defendant Officers had a reasonable suspicion sufficient to briefly detain Plaintiff to conduct further investigation.

The next query is whether Defendant Officers exceeded the scope of the permissible Terry stop.  Terry stops must be limited in scope to the justification for the stop.  Florida v. Royer, 460 U.S. 491, 500 (1983).  Officers may ask questions of the detainee to confirm or dispel the suspicions that led to the stop.  Id. at 498.  Defendant Officers were also "authorized to take such steps as were reasonably necessary to protect their personal safety and to maintain the status quo during the course of the [Terry] stop."  United States v. Hensley, 469 U.S. 221, 235 (1985).  Thus, any questions about whether Plaintiff struck the other car and the request to remove hands from pocket and submit to a pat down were permissible under the facts facing Defendant Officers.  Under the undisputed facts, as soon as Defendant Officers confirmed that no damage had occurred to either vehicle, they left the scene.  The facts are also undisputed the entire encounter with Plaintiff lasted only slightly more than two minutes.  The Court finds the Defendant Officers' conduct did not exceed the scope of a permissible Terry stop.  Defendant Officers are entitled to summary judgment on Plaintiff's unlawful investigatory detention claim.

5

**2. False Arrest**

Plaintiff asserts that Defendant Officers' detention of him constituted a false arrest in violation of the Fourth and Fourteenth Amendments. According to Plaintiff, when Defendant Jacobson told him to face his truck and grabbed his elbow, he was not free to leave and so those acts constituted an arrest. Because adequate cause did not exist for the "arrest," Plaintiff argues it violated his constitutional rights. Defendant Officers argue there was no arrest and so there can be false arrest.

As Defendant Officers note, there is no clear line distinguishing when a <u>Terry</u> stop morphs into an arrest. The primary distinguishing factor appears to be the length of time the person is detained. If the detention lasts longer than necessary to complete the investigation, or if the use of force escalates beyond that necessary to ensure officer safety, then an arrest has occurred. <u>See</u> <u>United States v. Salas-Garcia</u>, 698 F.3d 1242, 1252 (10th Cir. 2012) ("An investigative detention becomes an unlawful arrest when there is no longer a reasonable basis to keep a suspect in handcuffs."); <u>United States v. Perdue</u>, 8 F.3d 1455, 1463 (10th Cir. 1993) (use of handcuffs does not in every circumstance convert <u>Terry</u> stop to arrest).

As discussed above, the undisputed facts make clear that Plaintiff was detained for no longer than necessary to complete the investigation. Further, the force used by Defendant Officers was no greater than necessary to ensure their safety. Thus, the <u>Terry</u> stop of Plaintiff was never converted to an arrest. Consequently, Defendant Officers are entitled to summary judgment on Plaintiff's false arrest claim.

B. Remaining Federal Law Claims

Because the Court has found Defendant Officers are entitled to judgment on the claims of unlawful investigatory detention and false arrest, it is unnecessary to address Defendant Officers' claim of qualified immunity.  Likewise, Plaintiff's claims against Defendant City of the Village must fail as there is no constitutional violation by Defendant Officers on which the failure to train, supervise, or otherwise direct can be based.

C.  State Law-Based Claims

Plaintiff brought a claim based on state law for false arrest and a claim based on the Oklahoma Constitution for unreasonable seizure and excessive force.

1.  State Law-Based False Arrest

Defendant Officers argue the state law-based false arrest claim must fail as the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. §§ 151 *et seq.* ("OGTCA"), governs that claim.  According to Defendant Officers, the OGTCA does not permit a claim against individual employees for actions done in the course of their duties.  Thus, Defendant Officers argue, they are entitled to judgment as a matter of law on the state law-based false arrest claim.  Plaintiff's Amended Complaint does not assert a false arrest claim against Defendant City of the Village.

The Court agrees with Defendant Officers that they are not proper Defendants for Plaintiff's state law-based false arrest claim.  As noted, 51 Okla. Stat. § 153(C) and § 163(C) both make clear that any claim must be brought against the appropriate governmental body, not the individual employee.  In addition, under Oklahoma law "[f]alse

arrest is the unlawful restraint of an individual against his will." <u>Irwin v. SWO Acquisition Corp.</u>, 1992 OK CIV APP 48, ¶ 13, 830 P.2d 587, 590.  To be sure Plaintiff is clear that the detention by Defendant Officers was against his will.  However, his claim must fail at the first element.  As stated above, the detention of Plaintiff was not unlawful.  As the Court has noted, Plaintiff was not arrested and to the extent he was detained, that detention was lawful as a <u>Terry</u> stop.  Thus, even if Plaintiff had brought this claim against Defendant City of the Village, it would fail.  Accordingly, Defendants are entitled to judgment on Plaintiff's state law-based false arrest claim.

2. <u>Oklahoma Constitution</u>

Plaintiff asserts Defendant Officers' conduct amounted to excessive force in violation of Oklahoma Constitution Article 2 § 30.  Defendant Officers argue this claim cannot survive as the Oklahoma Supreme Court has ruled it can only be pursued via the provision of the OGTCA.

Defendant Officers' argument is well founded.  The Oklahoma Supreme Court has stated:  "claims for excessive force against a municipality may not be brought against a governmental entity when a cause of action under the OGTCA is available." <u>Perry v. City of Norman</u>, 2014 OK 119, ¶ 20, 341 P.3d 689, 693.  Thus, the only remedy for Plaintiff's claims of unreasonable seizure or excessive force lies pursuant to the OGTCA.  Plaintiff's Amended Complaint makes clear this claim is brought only against Defendant Jacobson and is based on Defendant Jacobson touching his arm.  As noted above, the level of force used and/or the scope and length of any seizure was consistent with that permitted to

8

perform a permissible <u>Terry</u> stop.  Accordingly, Defendant Jacobson is entitled to summary judgment.

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendants' Motion for Summary Judgment (Dkt. No. 55) is GRANTED.  A separate judgment shall issue.

IT IS SO ORDERED this 3rd day of November 2021.

ROBIN J. CAUTHRON
United States District Judge